IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA MICHELLE MILLA FLORES,<br>A 208-165-913,<br><br>*Petitioner*,<br><br>VS.<br><br>MARKWAYNE MULLIN, in His Official Capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in His Official Capacity as Acting Director of U.S. Immigration and Customs Enforcement; MIGUEL VERGARA, in His Official Capacity as Director of the San Antonio Field Office of ICE, Enforcement and Removal Operations; RAYMOND E. THOMPSON, Warden of the Karnes County Immigration Processing Center; and DAREN K. MARGOLIN, Director of the Executive Office for Immigration Review,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. SA-26-CV-763-FB |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Sandra Michelle Milla Flores's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1); Federal Respondents' ("Respondents") Response to Petition in opposition thereto (ECF No. 4); Petitioner's Reply to Federal Respondents' Response (ECF No. 6); Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus (ECF No. 8); and Petitioner's Motion to Issue a Judgement on the Pleadings on Petition for Writ of Habeas Corpus filed September 23, 2026 (ECF No. 11). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted). After careful consideration, the Court is of the opinion that the Petition should be granted and Petitioner should be released from custody under reasonable and appropriate conditions of release.

## BACKGROUND

Petitioner is currently detained at the Dilley Immigration Processing Center[1] in Dilley, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's immediate release.

Petitioner is a native and citizen of Honduras who entered without inspection in April of 2015, and was subsequently released sometime shortly thereafter. During her removal proceedings, Petitioner complied with all the conditions of her release, including attending ICE check-in appointments and immigration court hearings. Each appointment was completed without incident, and Petitioner was advised to return on future dates. On January 9, 2024, Petitioner's removal proceedings were dismissed by the immigration judge.

On or about January 22, 2026, Petitioner was approached by ICE officials while working late at a construction site. Petitioner states she complied with the officers' requests and answered their questions. Without warning or explanation, Petitioner maintains the ICE officers detained her on the spot and refused to release her. She claims the ICE officers informed her that she would now be detained, despite the dismissal of her removal proceedings.

Petitioner asserts that having lived and worked in almost eleven years, she has developed close ties to her community; has no history of violence, and has no criminal record whatsoever that would justify treating her as a danger to society—no arrests, convictions, or citations—since entering the United States. Instead, Petitioner maintains she has demonstrated continuous residence, stable employment, and strong family and community ties in San Antonio, Texas, and her detention was not the result of any criminal act or immigration violation.

---

[1] Https://locator.ice.gov./odls/#/results (last accessed on September 23, 2026).

The Court notes that although Petitioner's previous removal proceedings were dismissed, it appears she was ordered removed on May 12, 2026; an appeal of that order was filed on May 26, 2026; briefs by both parties have been filed; and the remains pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed on Sept. 23, 2026).

**DISCUSSION**

The Court has considered whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions. *See e.g.*, *Guerra Estrada v. Ybarra,* Cause No. EP-26-CV1897-KC, 2026 WL 2168090 (W.D. Tex. Jul. 28, 2026); *Jimenez Ravelo v. Anda-Ybarra*, EP-26-CV-01892, 2026 WL 2211325 (W.D. Tex. Jul. 24, 2026); *Scott Camacho v. Department of Homeland Security*, EP-26-CV-01717-DB, 2026 WL 2137156 (W.D. Tex. Jul. 24, 2026); *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556 (W.D. Tex. Mar. 27, 2026)*; Vargas-Negrete v. Noem***,** Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026)*; Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026); Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); and

*Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025); *see also Gonzalez Gonzalez v. Blanche*, CIVIL ACTION NO. 4:26-CV-05561, ECF No. 10 at page 2 (S.D. Tex. Jul. 27, 2026) (finding the Fifth Circuit stay in *Sosnava v. Rodriguez* had no effect on its ruling explaining "the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is 'not conclusive as to the merits,' and this Court will not speculate as to the Fifth Circuit's unstated intentions"); *Barreno Hernandez v. Warden DC Cole*, CIVIL ACTION NO. 5:26-CV-01279, ECF No. 9 at page 5 & n.2 (S.D. Tex. Jul. 24, 2026) (granting habeas petition finding detention violated rights under Due Process Clause of the Fifth Amendment requiring immediate release and explaining that: (1) Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc* on July 21, 2026 without analysis; (2) Supreme Court has recognized interim order granting a stay is "not conclusive as to the merits"; "reading into the Fifth Circuit's stay 'is an inherently speculative endeavor'"; and finding that "[w]ithout clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed").

Accordingly as set forth above and for reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

As to Petitioner's requested relief, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). In cases where the Court finds a constitutional violation, "[t]he typical remedy for such detention is, of course, release." *Id.* "In recent months, courts across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (ordering immediate release

and collecting cases across jurisdictions); *Cruz-Reyes v. Bondi,* 818 F. Supp. 3d 875, 885 (S.D. Tex. 2026) ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13–14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention.").

**CONCLUSION**

The Court joins other Texas Western district courts, including those in the San Antonio Division, finding that the significant violation of Petitioner's due process rights and other prudential concerns weigh in favor of ordering Petitioner's immediate release. *See Flores v. Blanche*, No. 1:26-CV-1399-RP, 2026 WL 1603561, at *5 (W.D. Tex. June 4, 2026); *Alvarez v. Ortega*, No. SA-26-CA-03339-XR, 2026 WL 1611973, at *14 (W.D. Tex. June 3, 2026); *Ribero-Ardila v. Rodriguez*, No. 5:26-CV-0689-JKP, 2026 WL 990025, at *7 (W.D. Tex. Apr. 13, 2026); *see also Cruz-Reyes v. Bondi*, 818 F. Supp. 3d at 885.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Sandra Michelle Milla Flores, (A# 208-165-913), from custody, under reasonable conditions of supervision, to a public place no later than **Friday, September 25, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **Tuesday, September 29, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, including Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus (ECF No. 8), and Petitioner's Motion to Issue a Judgement on the Pleadings on Petition for Writ of Habeas Corpus (ECF No. 11), are DISMISSED AS MOOT, and this case is CLOSED. A final judgment will issue separately

It is so ORDERED.

SIGNED this 23rd day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE